## CIRCUIT COURT OF FREDERICK COUNTY

William M. Evitt et al.

v.

Lake Holiday Country
Club, Inc., et al.

September 23, 1988

Case No. (Chancery) 87-222

By JUDGE ROBERT K. WOLTZ

At issue are first the right of members of a nonstock corporation to gain inspection rights to certain books and records of the corporation and second the right of those persons to gain such access to the books and records of that corporation's wholly-owned subsidiary stock corporation. The bill of complaint seeks the right to inspect those records covered by Code § 13.1-933(B) as to the parent organization of which the plaintiffs are members and similar records covered by § 13.1-771(B) respecting the subsidiary stock corporation. Presently to be resolved are the demurrers of each corporate defendant, the motions of each defendant respectively to strike out a portion of the amended bill, the motion of each for a protective order regarding discovery, and a motion of the utility company to be dismissed from the action. Ruling is made below on each defensive pleading mentioned.

### 1. *Country Club, Inc., Demurrer*

The demurrer is overruled. It is elementary that a demurrer admits all factual matter well pleaded and not conclusory. On this basis the complainants have alleged sufficient facts to withstand demurrer: that they are

stockholders, that their request for inspection is for a proper purpose both reasonable and made in good faith, as well as germane to their status as stockholders, i.e., to protect their interests as such. The bill of complaint does not show that the request is for purposes inimical to the corporation nor to promote mere idle curiosity, they state good reasons why they should have their right to inspection. That by implication there may be hostility between the complainants, and management is not important if they have a proper purpose.

Nor is it inimical to the interest of the corporation that the complainants seek information on which to base suit against the corporation. Obviously the corporation would prefer not to be sued nor to give up any information which might form the basis of suit, but this is natural and it is a fact of life that corporations through management for whatever reason generally resist stockholder inspections. The common law recognizes such rights, the only Virginia case found being based on the common law just prior to enactment of statute on the subject. Stockholders, or in this instance the members of the corporation, have proprietary rights and the right of inspection is an important means by which to protect those rights. Statutes on the subject are in the main liberally construed in favor of the right of stockholders to inspect, co-extensive with the rights inherent in ownership.

Given the purpose of common law and statutory rules for inspection and reading the amended bill of complaint in light of those purposes and the specific statutory requirements, that pleading meets legal requirements.

### 2. Utility Corporation Demurrer

The principle distinction between this demurrer and that of the parent corporation is the assertion that the complainants have no standing to inspect the records of the Utility because they are not stockholders of it. Though the statutes speak of the requirement that right of inspection is for stockholders or members as the case may be, certainly it was not the intent of the legislature to foreclose any possibility of a corporation wholly owned by another being subjected to inspection of its records by any entity other than its parent corporation.

That result of necessity would exclude stockholders or members of the parent corporation. To do so would be to protect a fertile area for mismanagement, co-mingling of funds, fraud and other abuses. The statutes on inspection were not to abrogate but to confirm and extend that common law right, and their omission of a specific right to inspect books and records of a subsidiary is not fatal. The statutes either cover by implication inspection of those items where there is sufficient identity of parent and subsidiary or leave the matter to the common law. The bill of complaint alleges with sufficient particularity circumstances which show a strong enough identity between the two corporations as to give the members of the Club Corporation rights to inspect the records of the Utility Corporation virtually co-extensive with their rights to inspect records of the corporation of which they are members.

For these reasons and for reasons stated for overruling the demurrer of the Club Corporation, the demurrer of the Utility Corporation is likewise overruled.

### 3. Motion of each corporation to strike paragraph one of amended bill

The corporations seek to strike out all reference in paragraph one of the bill to Exhibit 1 which contains lists of members of the Club Corporation who support prosecution of this cause but are not complainant parties. The bill gives as reason for this that they did not as members of the corporation execute the demand letter required by statute for inspection of records. Be that as it may, the respective motions to strike are sustained. There is no specific allegation that the complainants represent the interests of those individuals, and there is no class action procedure in Virginia. Merely to say that those individuals support this action is irrelevant; it makes little difference who outside the parties to the cause support or oppose it.

### 4. Motion by each corporation for protective order with respect to discovery

Discovery, which finds its place under Part Four of the Rules of the Supreme Court, is by the provisions

of the rules extremely broad in scope. With that breadth, in practice discovery is rather liberally granted. The discovery sought is by way of request for documents. As liberal as the rules of discovery are, it would be an aberration to allow complainants to obtain documents by way of discovery, the inspection of which is the purpose and burden of the suit. Consequently, the motions for protective order is sustained with respect to any documents sought through discovery which are the documents being sought for inspection by the suit. Otherwise, the motions for protective order are denied.

### 5. *Utility Corporation's motion that it be dismissed*

This motion is essentially a restatement of the demurrer of the Utility Corporation disposed of above. On the same reasoning on which the demurrer was overruled, this motion to dismiss is denied.